*improper service thrown on desk at receptionist on 12/15/15 at 10:44 AM D.J.*

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133



LAVELLE COPELAND, ET AL.                                   Plaintiff

Case Number   2015 CA 009508 B

vs.

THE DISTRICT OF COLUMBIA
SERVE: ATTORNEY GENERAL
KARL A. RACINE                                   Defendant
441 4th ST. NW
WASH. DC. 20001                                  **SUMMONS**

**To the above named Defendant:**

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Elena Tilly #502996
Name of Plaintiff's Attorney

6931 Arlington Rd #302
Address

Bethesda, MD 20814

301-312-6413
Telephone

加盟翻譯,請打電話 (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요

Veuillez appeler au (202) 879-4828 pour une traduction
የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Nếu cần thông dịch, hãy gọi (202) 879-4828

Clerk of the Court

By _____ Deputy Clerk

Date   12/09/2015

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

12/10/2015  15:48    4102211479



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LAVELLE EVERT COPELAND et al

Vs.

THE DISTRICT OF COLUMBIA et al

C.A. No.        2015 CA 009508 B

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M CAMPBELL
Date:   December 9, 2015
Initial Conference: 9:30 am, Friday, March 11, 2016
Location:   Courtroom 519
              500 Indiana Avenue N.W.

Caio.doc

12/10/2015  15:48    4102211479                DGH 2EAST

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

Filed
D.C. Superior Court
12/08/2015 20:59PM
Clerk of the Court

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

LaVelle E COPELAND, et AL

Case Number: __2015 CA 009508 B__

vs

Date: __12.4.15__

☑ One of the defendants is being sued
in their official capacity.

**Relationship to Lawsuit**

Name: *(Please Print)*
Elena TILLY

☑ Attorney for Plaintiff

Firm Name:
TILLY LAW FIRM, PLLC

☐ Self (Pro Se)

☐ Other:

Telephone No.:          Six digit Unified Bar No.:
301-312-6413              502996

☐ 12 Person Jury

TYPE OF CASE: ☐ Non-Jury     ☑ 6 Person Jury     Other: _____

Demand: $ __3000.00__

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____     Judge: _____     Calendar #: _____

Case No.: _____     Judge: _____     Calendar#: _____

---

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
       Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
       Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
       Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
       Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
       Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

**C. PERSONAL TORTS**

☑ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
       Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
       Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐     IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule XXX(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_Eliza Teefort_
Attorney's Signature

12. 7. 15
Date

CV-496/ June 2015

12/10/2015  15:48    4102211479

### IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

LAVELLE EVERT COPELAND        )
1901 T STREET, SE              )
WASHINGTON, DC 20012       )

DARION EUGENE MILLER     )
1901 T STREET, SE              )
WASHINGTON, DC 20020       )
                              )
   Plaintiffs               )       2015 CA 009508 B
                              )

v.                             )

MURIEL BOWSER              )
MAYOR OF THE DISTRICT OF COLUMBIA )
1350 PENNSYLVANIA AVENUE NW   )
WASHINGTON, DC 20004       )
  Serve:  Attorney General       )
       Karl A. Racine          )
       441 4th Street NW       )
       Washington, DC 20001    )

THE DISTRICT OF COLUMBIA     )
1350 PENNSYLVANIA AVENUE, NW  )
WASHINGTON, DC 20004       )
   Serve Attorney General       )
       Karl A. Racine          )
       441 4th Street NW       )
       Washington, DC 20001    )

SARGENT K. HARDING        )
Metropolitan Police Department    )
7th District                 )
2455 Alabama Avenue, SE      )
Washington, DC 20020        )
                              )

OFFICER DANIEL FLINN      )
Metropolitan Police Department    )
(Badge No. 2520)

12/10/2015  15:48    4102211479

)
)
7th District )
2455 Alabama Avenue, SE )
Washington, DC 20020 )
)
JOHN DOE OFFICERS 1- THROUGH 12 )
under command of Watch Commander )
WILLIE DANDRIDGE 7th District )
2455 Alabama Avenue, SE )
Washington, DC 20020 )

## COMPLAINT

1. On June 2nd, 2015 at approximately 12:10 PM, officers of the District of Columbia Metropolitan District Police Department (MPD) of the 7th District located at 2455 Alabama Avenue, SE, Washington, DC 20020, arrived at 1901 t Street, SE, Washington, DC 20020. The officers, 1 – 12 in number with 4 squad cares were armed with assault rifles and all guns were drawn and at the ready. Over a loud speaker, the Plaintiffs were ordered out of their home with their hands up. The plaintiffs were placed in handcuffs behind their backs and were told that they were under arrest. The Plaintiffs were cuffed on the front porch for over 2 hours in full view of the entire neighborhood with families and children present. The tactical police created an embarrassing situation for the well-respected Plaintiffs.

2. La Evert Copeland and Darion Eugene Miller, cousins, were not immediately charged with any wrong doing nor did the officers have any factual evidence that any illegal activity was in fact carried on by the Plaintiffs in their home. There were no exigent circumstances.

3. The officers, approximately eight to ten, entered the Plaintiffs' home with guns drawn and searched the house from top to bottom. The Plaintiffs were held on the sidewalk and were told nothing about the raid or why a tactical team was necessary. At no time was a search warrant

P. 2

TLF

offered or provided to the Plaintiffs for over 2 hours. The Plaintiffs repeatedly demanded to see the search warrant, but were ignored.

4.  The police found nothing illegal in the home at the initial search. Plaintiff Miller demanded several times to find out what the police were searching. The police subsequently admitted they were looking for a shot gun. Plaintiff Miller volunteered he owned a shot gun and informed Sargent Harding where he could locate the weapon within the home. The gun had never been fired and was in its original box also with an unopened box of shells, with a purchase receipt. The gun was legally purchased in Maryland. The shot gun was removed by the police and has not been returned to the Plaintiff, though it was receipted by the officers. The gun was behind a chest of drawers in the upstairs bedroom. Sargent Harding informed the Plaintiffs that there was "no search warrant." The police entered the home of the Plaintiffs without their consent and violated their constitutional rights.

5.  The Plaintiffs were informed by Officer Flinn, following the home invasion, "I can call a judge and get a warrant, seize your home and you will not be permitted to re-enter your home until the warrant is signed by the judge, which could take another day or so." The Plaintiffs had the cuffs removed and it was raining and they were permitted to remove themselves to the porch. The Plaintiffs were purposely misinformed and taken advantage of and signed the "consent form" under threat and duress imposed by Officer Flinn and a Detective present at the scene – D2-1436. The Plaintiffs were denied their rights and singed under duress and ignorance of the law. The release was proffered under false pretenses.

6.  The Plaintiffs' reputation in the immediate neighborhood is now a factor not easily repaired. The obvious disparate treatment leveled against the Plaintiffs will not be easily erased. The systemic misconduct and recklessness of the MPD occurred as a direct result of police who

12/10/2015  15:48  4102211479

lacked the proper training and failed to supervise the tactical unit with full knowledge of the importance of a warrantless search and the lawsuits that will certainly follow. At present, there have been too many "accidental deaths" of African American males and the fear the Plaintiffs had of an accidental shooting based on an unjust arrest was real.

## Nature of the Action

7. The Plaintiffs seek compensatory relief for the violations of their constitutional rights against the District of Columbia, the Mayor, and the defendant officers in their individual capacities.

## Jurisdiction and Venue

8. This is a civil rights action arising under 42 U.S.C. § 1983 and the Fourth and Fifth Amendments to the United States Constitution. The Court has jurisdiction under USC §§ 1331 and 1343.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## Parties

10. Lavelle Evert Copeland and Darion Eugene Miller are both African American males, life time residents of the District of Colombia. Their allegations are based on personal knowledge and belief as to all matters herein.

11. The Defendants, the District of Columbia, is the municipal entity that operates the Metropolitan Police Department and supervises the Defendant officers. The officers did not have a search warrant when they ordered the Plaintiffs out of their home "with their hands up" and searched their residence. The Mayor of the District of Columbia is the Head of District of Columbia municipal entity.

P. 4

12.   John Doe Officers 1 through 12 are Metropolitan Police department officers who participated in the planning and execution of the arrest and home invasion with the unlawful warrantless search of the Plaintiffs' home. (Private Property).   On information and belief, the Watch Commander, Defendant, Willie Dandridge, has in his possession the full names and badge numbers of the Defendant John Doe Officers 1 through 12, and thus, their full identities can be easily discovered. These John Doe officers 1 through 12 were wearing tactical vests marked POLICE. No MIRANDA rights were ever given to the Plaintiffs. There was no probable cause for the egregious search and seizure of the Plaintiffs' shot gun that remains in the hands of the Metropolitan Police. The officers entered the residence of the Plaintiffs, without permission and without a warrant.

13.   Lacking any evidence connecting the home to any criminal activity and the fact that the Plaintiffs have no record of any bad acts, the lack of training and the supervisor of the raid clearly demonstrated lack of experience and training on the part of the Metropolitan Police Department. The Plaintiffs and Defendants were aware it was not illegal to possess a shotgun in one's home in the District of Columbia. The facts are clear that 91% of search warrants do not find guns in the homes of the residents. (Police Reports).   The search was reckless and the conduct of the police officers put the Plaintiffs needlessly in harm's way.

## The Conduct of Officers after the Unlawful Search was Outrageous

14. The Plaintiffs were denied access to their home after two hours in the rain in handcuffs. The Defendants demanded the Plaintiffs sign a document that permitted a warrantless search or they could be detained for an indefinite period until a judge permitted the re-entry. The forcible restraint of the Plaintiffs and the threat of indefinitely allowing the Plaintiffs access to their home

were outrageous. The Plaintiffs were denied proper clothing, food, water, or the use of facilities. The overall experience traumatized and humiliated the Plaintiffs.

## The MPD's Policies and Practices

15.   The Defendants relied on vague, facially insufficient, unsubstantiated, and grossly misleading statements of a third party. Thorough training and experience was lacking in this matter. There was never a requirement for the warrantless search.

## Claims for Relief

16.   The Plaintiffs incorporate by reference the allegations in paragraphs 1 – 15 above.

17.   The Defendants raided the home of the Plaintiffs without a Warrant and had no probable course to do so. The home had no link to any criminal activity and the search was a knowingly reckless act.

## The Obvious Lack of Probable Cause was a Pattern and Custom of the MPD and the result and failure to train and supervise its Officers.

18.   The MPD has an established pattern, policy, and practice of training its officers not to engage in highly intrusive, dangerous, and demeaning warrantless searches. The Defendants entered the property and searched the home of the Plaintiffs prior to obtaining a warrant in violation of the Fifth Amendment of the US Constitution and remained on the property without a warrant and without permission or consent of the homeowners.

## Request for Relief

WHEREFORE, the Plaintiffs request that this Court issue a judgment against all the Defendants, jointly and severally.

a.  Holding the appropriate Defendants liable to the Plaintiffs for compensatory damages in an amount appropriate to the proof adducted at trial $ 1,000,000.00.

12/10/2015   15:48   4102211479

b. Holding the appropriate Defendants (other than the District of Columbia and the Mayor of the District of Columbia) liable to the Plaintiffs for punitive damages in an amount appropriate to the proof adducted at trial of $2,000,000.00.

c. Award the Plaintiffs their costs and reasonable attorney's fees; and

d. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

December 3, 2015

By:   /s/ Elena Tilly
Elena M. Tilly, M.D., Esquire
Bar #502996
The Tilly Law Firm and Consultant Group
6931 Arlington Road, Suite #302
Bethesda, Maryland  20814
301-312-6413
301-312-6431 (fax)
*Attorney for Plaintiffs*

TLF

P. 7