UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAVELLE EVERT COPELAND, <u>et al.</u>**, <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA, <u>et al.</u>**, <br><br> Defendants. | Case No. 16-cv-00036 (CRC) |

**OPINION AND ORDER**

Cousins Lavelle Copeland and Darion Miller seek damages under 42 U.S.C. § 1983 resulting from an allegedly unconstitutional search of their Washington, D.C. home by officers of the Metropolitan Police Department ("MPD").  In addition to an MPD sergeant and an officer involved in the search, they have sued the District of Columbia itself, its mayor, an MPD watch commander, and twelve unknown "John Doe" officers.   Defendants have filed a partial motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  They request dismissal of all claims against Mayor Muriel Bowser and Watch Commander Willie Dandridge on the ground that the Complaint fails to offer any facts personally linking them to the search.  They seek dismissal of Plaintiffs' <u>Monell</u> claim against the District because the Complaint fails to plead sufficient facts to support a finding of municipal liability.  And they seek dismissal of Plaintiffs' Fifth Amendment claims against Sergeant Kevin Harding and Officer Daniel Flinn on the ground that they are duplicative of Plaintiffs' Fourth Amendment claims.  As explained briefly below, the Court will grant the motion.

**I.      Background**

Copeland and Miller allege that around midnight on June 2, 2015, a team of armed "tactical police" officers arrived at their home in Southeast Washington, detained them in

handcuffs for two hours in view of their neighbors, and proceeded to search their home without a warrant.  After an initial search proved fruitless, according to Plaintiffs, the police informed them that they were looking for a shotgun and then used false pretenses to procure their consent for a second search of the home.  The subsequent search revealed an unused shotgun located in an upstairs bedroom, which Plaintiffs contend was legally purchased in Maryland.  Plaintiffs filed suit in the D.C. Superior Court under 42 U.S.C. § 1983, alleging violations of the Fourth and Fifth Amendments to the U.S. Constitution.  Defendants timely removed the case to this Court and have filed the present motion to dismiss.

**II.     Discussion**

   A.     <u>Claims Against Mayor Bowser and Commander Dandridge</u>

The Complaint names Mayor Bowser and Commander Dandridge as defendants in their personal capacities.  The only allegation in the Complaint against Mayor Bowser, however, is that she is the "head" of the District government.  Pls.' Compl. ¶ 11.  The only allegation against Commander Dandridge is that he "has in his possession the full names and badge numbers" of the twelve John Doe officers.  <u>Id.</u>  Neither allegation suggests any personal involvement in the relevant events, let alone wrongdoing, by either defendant.  Nor can either defendant be held vicariously liable under § 1983 for the actions of their subordinates.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009).  As a result, the Court will dismiss all claims against Mayor Bowser and Commander Dandridge.

   B.     <u>Municipal Liability Against the District of Columbia</u>

Plaintiffs seek to hold the District of Columbia liable for the actions of the officers who conducted the search based on the alleged existence of a "policy and practice" of conducting improper warrantless searches and the MPD's failure to train and supervise its officers.  <u>See</u> <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978) (holding that a

2

municipality may be sued under § 1983 "when execution of [its] policy or custom . . . inflicts the injury" alleged). Yet the Complaint fails to identify any specific policy, practice, or lack of training that resulted in Plaintiffs' alleged injuries. To the contrary, Plaintiffs concede that the MPD has "an established pattern, policy, and practice of training its officers *not* to engage in highly intrusive, dangerous, and demeaning warrantless searches." Compl ¶ 18 (emphasis added). Plaintiffs' conclusory (and inconsistent) allegations fall far short of the requirements for pleading municipal liability under § 1983. See Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) (noting that municipal-liability claims require specific factual connections between constitutional harms and the policies that allegedly give rise to them, because otherwise virtually any allegation of harm inflicted by a municipal official would satisfy Monell). The Court will therefore grant the motion to dismiss Plaintiffs' claims against the District.

        C.       Fifth Amendment Claims Against Sergeant Harding and Officer Flinn

Plaintiffs claim that the search of their home and their attendant treatment violated both the Fourth and Fifth Amendments. Yet the constitutionality of searches like the one alleged in the Complaint is properly analyzed under the Fourth Amendment, not the Fifth. See Elkins v. Dist. of Columbia, 690 F.3d 554, 562 (D.C. Cir. 2012) ("'Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of [Fifth Amendment] substantive due process, must be the guide for analyzing these claims.'") (internal quotations omitted) (quoting Albright v. Oliver, 510 U.S. 266, 273 (1994)). As a result, Defendants are correct that Plaintiffs' Fifth Amendment claim against Sergeant Harding and Officer Flinn is duplicative. The Court will accordingly grant the motion to dismiss this claim against both defendants.

      D.     <u>Leave to Amend</u>

In their opposition to Defendants' motion to dismiss, Plaintiffs request leave to amend their Complaint to remedy any pleading deficiencies. As Defendants observe, however, Plaintiffs have failed to include a copy of their proposed amended complaint as required by Local Civil Rule 7(i). The Court will therefore deny the request for leave to amend. While most if not all of the deficiencies would appear incurable based on the underlying facts alleged in current Complaint, the Court will nonetheless dismiss the claims discussed above without prejudice and would consider a properly filed motion for leave to amend.

For the foregoing reasons, it is hereby

**ORDERED** that [4] Defendants' Partial Motion to Dismiss be **GRANTED**.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:   May 13, 2016